Johnson, J.
Since the amendment to Section 6 of Article IV of the Constitution the court of appeals has only such jurisdiction as is conferred by that section. Differing from the provisions of that section concerning the jurisdiction of the circuit court before the amendment, there is now no provision for “such appellate jurisdiction as may be provided by law.” Any statute which purports to confer jurisdiction is ineffective.
It is insisted that the case here under consideration is a chancery case, and, therefore, appealable under the provisions of the amendment referred to. The petition contained the necessary allegations to entitle plaintiff to a judgment for alimony, and a prayer for such judgment. Actions for divorce .and alimony were in England originally within the jurisdiction of the ecclesiastical courts, but in this state that jurisdiction has been conferred by and limited to the provisions of statutes:
In DeWitt v. DeWitt, 67 Ohio St., 340, 350, the subject is discussed, and it is declared to be “satisfactorily shown that the court in allowing alimony does not exercise general equity powers, but is controlled by the statute, and is authorized to exercise such power as that expressly gives, and such as is necessary to make effective its orders and decrees thus made.” But it is urged that the equity jurisdiction of the court was invoked by the parties touching the property referred to in the pleadings. The allegations concerning the property which are contained in the petition and in the amended answer and cross-petition, and the prayer invoked concerning it in the pleadings, are authorized'by *165 the provisions of the Code, which are included in the chapter, Divorce and Alimony, Section 11996 et seq., General Code.
Those allegations do not in any wise change the nature of the action. The interlocutory as well as the final order that may be made touching the subjects referred to are purely ancillary to the final order that may be made on the petition, or on the cross-petition, for alimony or divorce.
It was held in Raymond v. The T., St. L. & K. C. Rd. Co. et at., 57 Ohio St., 271, that a petition filed by one out of possession of real estate, which contained the necessary allegations to entitle plaintiff to recover the real estate, and a prayer for possession, stated a case at law, notwithstanding the petition also contained allegations of threatened irreparable damage, as ground for relief by perpetual injunction, and of a dispute as to boundary lines, as a ground for action by the court in settlement of such dispute, and of a dispute as to title, as a ground for asking that plaintiff’s title be quieted. It was also held in that case that the nature of such action was not changed by an answer which pleaded an estoppel merely as an equitable defense. The court say, at page 287: “All other relief sought is ancillary to this; it is relief which, if a proper case is made by the' evidence, may follow, but cannot precede, judgment of possession. * * * That settled in favor of the plaintiff, all other claims would follow and be determined as matters of relief in aid of the recovery, while, if settled against the plaintiff, his whole contention would fail.”
*166 It is also provided by Section 11987, General Code, which is included in the chapter with reference to divorce and alimony proceedings, that the court shall make such order for the disposition, care and maintenance of the children, if any, as is just. This is also purely incidental to the statutory action, and the order referred to will depend upon the action of the court concerning the original cause of action.
We think it clear that this was simply a proceeding for alimony and that the court of appeals correctly held that it was not appealable.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias and Donahue, JJ., concur.